BARNETTE, Judge.
The plaintiff filed suit for recovery of $1,000 alleged due, plus 20 percent for attorney’s fee under the terms of a contract for preparation of plans for remodeling defendants’ motel. Judgment was rendered in plaintiff’s favor for the full amount sought and defendants have appealed.
The plaintiff, Gilbert E. Martin, doing business as Pioneer Drafting Service, entered into a written contract with the defendants, Harold L. Martin and Mrs. Audrey Martin (husband and wife), on December 14, 1967. The pertinent provisions of the contract are that plaintiff was engaged to “draw plans and specifications for alterations and additions to Imperial International Motel in Boutte, Louisiana.” The defendants paid $1 in cash and agreed to pay $1,000 “when the job is completed.” The contract provided for 20 percent to be added in the event the contract “should * * * be turned over to authorities for collection.” No specifications are attached or referred to nor is there anything in the contract to indicate the scope and detail of plaintiff’s work. There is no provision or condition for acceptance or approval of the plans.
At the time the contract was signed the defendant Harold L. Martin gave plaintiff an undated check for $1,000. The plaintiff inserted the date “January 26, 1968,” when the plans were alleged to have been completed. The check deposited to plaintiff’s account in April (the exact date is not clear) was returned unpaid on April 9, 1968, with the notation “NSF.” This suit was filed August 5, 1968. Plaintiff’s petition is clear that the suit is based on the contract and not merely for payment of the check.
The defendants’ answer is a brief, simple, general denial, concluding that “the contract is best defense of itself and should be introduced at the trial of this matter.” On these pleadings the case went to trial.
The defendants attempted to offer testimony that the check given plaintiff was not to have been dated and presented for payment until after certain succession proceedings in which Mrs. Martin was interested had been completed. The trial judge correctly ruled that such testimony was not admissible in that it tended to alter or vary the terms of the written contract which specifically provides that payment of the $1,000 was due upon completion of the plans and specifications. LSA-C.C. art. 2276.
The defendants also attempted to introduce testimony that the plans and specifications were not completed and were never submitted to them. The record reveals that a copy of certain plans was produced at the trial below and was identified by plaintiff as a copy of the plans completed by him pursuant to the contract. The original plans, he testified, were at his office. Both defendants testified that they had never seen the plans until the day the alleged copy was produced at trial.
The plaintiff testified that the plans were completed in January, 1968, and that he notified defendants of their completion, but that defendant Mr. Martin then said they were waiting for a settlement of an “inheritance” due his wife. There is no testimony that the plaintiff ever tendered or offered to deliver the plans to defendants. On cross-examination the plaintiff testified:
“Q Did you ever offer to give the plans, the original plans and ten copies of each sheet to Mr. Martin?
A Mr. Harold Martin? Yes, sir. I did, upon making the check good.
Q What do you mean? You told him that you wanted to give him the copies of the plans if he made the check good?
A Yes.”
*720 The contract, very obviously, was prepared by persons unskilled in the art of contract writing. It is not so much ambiguous as it is incomplete. It is silent in respect to the scope and detail of the-plans and specifications the plaintiff was to prepare. There is no provision for acceptance or approval. A strictly literal interpretation of the contract as written would indicate an agreement that the plaintiff might complete and submit any kind of sketch, drawing, design, plat, description, specification as to material, etc. and demand payment. Such interpretation leads to an absurdity. If there was a meeting of the minds between the contracting parties on these points, which are the object of the contract, it was not revealed within the four corners of the contract and we must look beyond its terms to find their intentions. Under these circumstances it is not a violation of the parol evidence rule to admit testimony to supply this deficiency in the contract. Gulf States Finance Corp. v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36 (1965); Dorvin-Huddleston Developments, Inc. v. United Services, Inc., 207 So.2d 225 (La.App. 4th Cir. 1968); Capizzo v. Traders and General Insurance Company, 191 So.2d 183 (La.App. 3d Cir. 1966); Snow-White Roofs, Inc. v. Boucher, 182 So.2d 846 (La.App. 4th Cir. 1966). The defendants were not permitted to do so or to challenge the alleged plans which they saw for the first time at the trial below. The court’s exclusion of their testimony as an “enlargement of the pleadings” was in error.
It is true that defendants’ answer contains nothing but the barest denial. There is no allegation that the plans were incomplete or not according to specifications— whatever they were — -or that the plans were never delivered or tendered; however, plaintiff’s petition does set forth enough to affirmatively allege these facts. The defendants’ general denial puts these allegations at issue and they should have been permitted to testify accordingly.
This case was poorly pleaded and tried below. It is regrettable that the record before us on this appeal is such that a just, fair and equitable judgment cannot be rendered by us so as to avoid the delay occasioned by a remand. There is nothing in the contract nor the testimony admitted from which we can determine specifically what the plaintiff was to do; therefore, we cannot determine if he has performed his part of the contract. We will exercise the authority and discretion granted by LSA-C.C.P. art. 2164 and remand the case for further trial to avoid the possibility of a miscarriage of justice.
The judgment appealed is vacated and set aside, and the case is remanded for further trial according to law and consistent with the views herein expressed. The assessment of costs shall await final judgment.
Judgment set aside; remanded.