348 So.2d 726 (1977)
Henry Louis DAVIS, Plaintiff-Appellee,
v.
Milton L. STERN et al., Defendants-Appellants.
No. 11408.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
William D. Grimley, Baton Rouge, of counsel for plaintiff-appellee, Henry Louis Davis.
Wm. Steven Mannear, W. Frank Gladney, Baton Rouge, of counsel for defendants-appellants, Milton L. Stern et al.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
SARTAIN, Judge.
In this suit for damages for breach of contract, the defendant, Damco Maintenance, Inc. (Damco), appeals from an adverse judgment. We affirm.
On November 19, 1974, plaintiff, Henry L. Davis, entered into a contract of employment with Damco whereby plaintiff was to operate and manage a carpet cleaning business in the Baker area of East Baton Rouge Parish to be known as "Karpet King of Baton Rouge". Plaintiff obligated himself to devote full time to the business. As compensation he was to receive a certain percentage of the net profits of the operation to be computed in accordance with a schedule attached to the contract.
*727 Damco, as employer, was obligated to furnish the necessary equipment and supplies upon plaintiff furnishing a cash bond therefor in the amount of $2500.00. The contract also contained the provision that its validity, construction, interpretation and enforcement would be governed by the laws of Texas.
It appears from the record that the contract was signed in Dallas, Texas, and that plaintiff posted a $2500.00 cash bond at the same time.
Upon the execution of the contract, plaintiff attended a course of instruction on November 19 and 20, 1974, at Damco's home office in Dallas, Texas. The course included the various techniques of carpet cleaning, the chemicals to be used, operation of the equipment, and the general operation of the business. The latter instructions pertained to advertising, office management and bookkeeping.
During the course of instruction, plaintiff was told that an area supervisor would immediately follow him to Baton Rouge and that his equipment would be shipped without delay.
Upon returning to Baton Rouge plaintiff immediately began to prepare for the business. He enclosed his carport for an office, obtained a telephone, hired someone to answer it, advertised in the local newspaper, purchased a van truck, and distributed some two thousand circulars (door knockers). Within the first two weeks he had obtained approximately one hundred inquiries and had measured twenty-five to thirty homes for carpet services.
The equipment was not received until two or three weeks after the Dallas meeting. A supervisor to whom plaintiff was responsible did not come to Baton Rouge until a month after the Dallas meeting and he possessed no more expertise in the business than did plaintiff.
Crucial to the operation of the business was the obtaining of an occupational license. This was not done by Damco until January 22, 1975, some two months after plaintiff was told to start work immediately. In the meantime, plaintiff's previous contacts had either gotten someone else to clean their carpets or had lost interest. Nonetheless, plaintiff continued in his efforts until March of 1975 with little or no cooperation from the home office. He then ceased trying and this suit followed.
The trial judge, in his oral reasons for judgment, clearly found that plaintiff had asserted every reasonable effort to conduct the business but "didn't get any support from them (Damco) at all and, in fact, they violated the contract by not helping him in the business like the contract called for."
Plaintiff's testimony as to the instructional school and the assurances given to him (as related above) stands basically unrebutted. The testimony of Milton L. Stern, [1] Damco's president, was offered by deposition over the objection of plaintiff's counsel. We, like the trial judge, find it of little probative value.
Damco assigns as error (1) the failure of the trial judge to follow the law of Texas, (2) the admission of parol evidence to vary the terms of a written contract, and (3) the assessment of damages based on the evidence presented.
The first assignment of error is without merit. There has been no showing that the law of Texas is different from that of Louisiana or, if it is, that a different result would have followed.
With respect to the second assignment of error, our Code provides that where the terms of a contract are clear, that is, the intent of the parties is clearly shown, parol evidence is inadmissible to vary its terms. C.C. Art. 2276. However, there are notable exceptions. One such exception is that where the contract itself is incomplete or silent in respect to the obligations assumed by one of the parties, parol evidence may be admitted to show the complete agreement. *728 If there was a meeting of the minds with respect to the assurances made by Damco, which are the object of the contract, they are not contained within the four corners of the agreement and parol evidence must be resorted to in order to determine the true intent of the parties. Damco's argument as to the inadmissibility of this evidence would lead to the absurd conclusion that plaintiff was expected to advance $2500.00, go to Dallas to learn how to conduct a business as an employee of Damco, devote his full time to such business, and Damco was expected to do nothing. All of these factors, except the cash bond, are not mentioned in the agreement. Under these circumstances, it was not a violation of the parol evidence rule to admit evidence to supply this deficiency. Martin v. Martin, 233 So.2d 718 (La.App. 4th Cir. 1970). Further, this evidence was not offered to invalidate or destroy the agreement, but to support it. Collins v. Brunet, 239 La. 402, 118 So.2d 454 (1960). See also: 35 La.L.Rev. 779 (1975).
The trial judge awarded plaintiff the sum of $12,000.00 for loss of income and $2500.00 for the bond. Damco argues that the award of $12,000.00 is an arbitrary figure without any evidentiary basis.
As stated above, attached to the contract were schedules of "PROJECTED FIGURES FOR 12 MONTH PERIOD". These are defendant's own estimate and they show estimated commission profits for the manager in amounts ranging from $25,000.00 to $40,000.00. The lower figure is based on the work of two crews. Obviously, the trial judge considered plaintiff as one crew and based his award accordingly. Conceding that these are projected figures only, the question remains as to their reasonableness. Based on the initial efforts of plaintiff and the response he received thereto, the trial judge found the estimates to be reasonable. We find no error in this conclusion and affirm the award.
Accordingly, for the above reasons, the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Stern was initially cited as a co-defendant but was dismissed on an exception of lack of personal jurisdiction.