ELLIS, Judge.
Plaintiffs bring this appeal from a judgment sustaining an exception of no cause of action filed by William J. Guste, Jr., Attorney General, and dismissing this suit as to him.
The essential allegations of the petition, as amended, which we accept as true for purposes of the exception, are that the “Tangipahoa Parish School Board has paid funds to the firm of Robbins, Schwartz, Nicholas and Lifton, Ltd. for special litigation since June, 1976, without approval of a resolution for that purpose from the Attorney General and the Governor.”
It is further alleged that the School Board failed to follow the procedures set forth in R.S. 42:263 relative to the hiring of special counsel, and have paid in excess of $60,000.00 to the said counsel, without having received the approval of the Attorney General. Plaintiffs allege that in July, 1977, the School Board adopted a resolution attempting to ratify their action in retaining special counsel and in making payments to them, and that the resolution has been sent to the Attorney General for his approval.
Plaintiffs pray, inter alia, that the Attorney General be enjoined from giving his approval to the said resolution, because of the failure of the School Board to comply with the requisites of R.S. 42:263.
The Attorney General filed an exception of no cause of action to the petition, alleging that the petition does not set forth “any facts to support an allegation of irreparable injury and in fact plaintiffs pray for a combination of injunctive and monetary relief.” The exception was maintained, and this appeal followed.
*688 In this court, plaintiffs correctly argue that they need not allege irreparable injury if the action sought to be enjoined is reprobated by law. Whalen v. Brinkmann, 258 So.2d 145 (La.App. 1st Cir. 1972). They argue that the Attorney General would be doing an illegal act if he approved the resolution of July, 1977.
R.S. 42:263 provides:
“No parish governing authority, levee board, parish school board, city school board or other local or state board shall retain or employ any special attorney or counsel to represent it in any special matter or pay any compensation for any legal services whatever unless a real necessity exists, made to appear by a resolution thereof stating fully the reasons for the action and the compensation to be paid. The resolution shall then be subject to the approval of the Attorney General and shall, if and when approved by him, be spread upon the minutes of the body and published in the official journal of the parish.”
The question before us is whether plaintiffs have a cause of action to enjoin the Attorney General from carrying out the discretionary duty imposed on him by the above section. We do not believe that the question of the validity of the actions taken by the School Board, or the consequences of the eventual decision of the Attorney General are presently before us.
The presumption is that the Attorney General will do his duty in accordance with law, and we do not believe that plaintiffs can enjoin him from doing what the law directs, simply because they fear that he will make a decision adverse to their interests. We disagree with plaintiffs’ arguments that the approval of the Attorney General to an otherwise invalid resolution can render it valid. Neither do we agree that the Attorney General must approve the resolution. R.S. 42:263 clearly grants to the Attorney General the discretion to either approve or disapprove the resolutions presented to him pursuant to that section.
We find, therefore, that no irreparable injury .can be caused plaintiffs by the actions of the Attorney General, and we do not find that, in carrying out his duty under R.S. 42:263, the Attorney General is performing an act prohibited by law.
The judgment appealed from is therefore affirmed, at plaintiffs’ cost.
AFFIRMED.