377 So.2d 1329 (1979)
RECHERCHE, INC.
v.
JEWELRY JUNGLE, INC.
No. 12902.
Court of Appeal of Louisiana, First Circuit.
November 12, 1979.
*1330 Maurice J. Wilson, Jr., Baton Rouge, of counsel, for plaintiff-appellee Recherche, Inc.
Stephen C. Riedlinger, Baton Rouge, of counsel, for defendant-appellant Jewelry Jungle, Inc.
Before EDWARDS, LEAR and SARTAIN, JJ.
EDWARDS, Judge.
Defendant-appellant, Jewelry Jungle, Inc., appeals a judgment of $15,000.00 in favor of plaintiff-appellee, Recherche, Inc. We affirm.

I. FACTS
Recherche filed suit against Jewelry Jungle seeking $144,705.00 in damages allegedly caused by defendant's bad faith breach of contract. Recherche later amended its petition and alleged fraud.
Plaintiff alleged that Jewelry Jungle had contracted to promote Recherche's bead sale concept in all defendant's retail outlets for a period of one year but had failed to do so and in fact had intentionally violated the agreement both by ceasing promotion of Recherche's products and by direct competition.
Following trial and pursuant to the verdict of a jury finding for Recherche, Inc., in the amount of $15,000.00, judgment was signed casting Jewelry Jungle for that amount in damages. Jewelry Jungle has appealed and alleges three errors:
1) The trier of fact improperly found defendant had breached the contract which consisted only of the November 17, 1975, letter.
2) The trial court erred in admitting documentary evidence not listed on the pretrial order.
3) The damage award was based on speculation and conjecture.

*1331 II. BREACH OF CONTRACT
Defendant-appellant urges that the contract between Recherche and Jewelry Jungle consisted only of the November 17, 1975, letter, that the jury should not have considered parol or any other evidence, and that the use of such other evidence improperly led the jury to find a breach of contract.
LSA-C.C. Art. 2276 provides that:
"Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."
Nothing in Article 2276 permits proof of additional contract terms agreed on prior to or contemporaneous with the written contract. However, the Louisiana Supreme Court does allow parties to show that the written instrument is not complete in itself. Rosenthal v. Gauthier, 224 La. 341, 69 So.2d 367 (1953); Smith v. Bell, 224 La. 1, 68 So.2d 737 (1953); Davis v. Dees, 211 La. 229, 29 So.2d 774 (1947).
In the present case, Jewelry Jungle urges that the letter of November 17, 1975, was the entire contract. A cursory examination shows major relevant points missing:
1. The letter states that Recherche "will undertake to initially stock four of your outlets," but no mention is made of other outlets or what is to occur subsequent to the initial stocking.
2. Nothing is said about possible competition or its preclusion between Recherche and Jewelry Jungle.
3. Nothing is said about the duration of the contract.
The contract clearly is not complete on its face. Parol evidence is therefore admissible to establish all the contract terms. As stated by the court in Valhi, Inc. v. Zapata Corporation, 365 So.2d 867 (La.App. 4th Cir. 1978),
"Even if the language utilized is clear and unambiguous, parol evidence is admissible to establish that the language does not embody the essence of the agreement to which there was mutual assent....
When parties to a contract imprecisely and incorrectly state what was mutually agreed to, equity requires the one alleging error an opportunity to prove by extrinsic evidence the correctness of his allegation." 365 So.2d at 870.
The instant case is similar to Davis v. Stern, 348 So.2d 726 (La.App. 1st Cir. 1977). In that case, the plaintiff was to operate a carpet cleaning business for the defendant. Because the written contract said nothing regarding the defendant's obligations, parol evidence was admissible to determine them. Parol was likewise properly admitted in the present case.
Wynn Dyer, president of Recherche, testified that the "bead module" concept was a whole presentation system, that he agreed to a test run of the concept's viability, that Recherche's contract with Jewelry Jungle was to last one year, and that after the initial stocking of four stores, Recherche would stock all the other Jewelry Jungle outlets. Dyer also testified that, relying on the contract, he purchased $17,000 worth of beads, Recherche's credit limit.
Jessica Isis, who together with Wynn Dyer developed and promoted the bead module concept, testified to substantially the same facts as Dyer.
Vincent "Rocky" Roccaforte, president of Jewelry Jungle, denied that the bead module concept was new, strenuously maintained that the November 17, 1975, letter was the entire contract, denied a one year contractual term, and denied that the contract called for bead modules to be placed in all Jewelry Jungle outlets.
Additionally, Mr. Roccaforte denied having bead trays made so as to compete with Recherche and denied ever telling Barry Blackburn to break the contract with Recherche.
Barry Blackburn, a former vice-president and representative for Rocky Roccaforte, testified and contradicted Mr. Roccaforte. Blackburn related that Rocky Roccaforte had indeed gone to New York to get his own beads for marketing purposes. He also testified that Mr. Roccaforte instructed him to find a way to sever the Recherche-Jewelry *1332 Jungle relationship because "there was more profit in it doing it ourselves."
Morena Faust, the secretary-treasurer of Jewelry Jungle, also contradicted Mr. Roccaforte. She testified that a new accounting system was needed because of the joint venture in bead sales. She also testified that bead modules for Jewelry Jungle were constructed by tracing the Recherche modules and copying them.
Obviously, from all the extrinsic evidence properly admitted to ascertain the missing contractual terms, the jury found the November 17, 1975, letter to be only part of the overall contract. The testimony supporting such a finding was overwhelming. Even officer-employees of the defendant supported the plaintiff's position. Only Rocky Roccaforte denied the contract.
The evidence, taken as a whole, clearly supports the jury's finding that Jewelry Jungle breached its contract with Recherche. The return of beads to Recherche, the construction of bead modules by Jewelry Jungle, the instructions to Barry Blackburn to terminate the Recherche-Jewelry Jungle relation, and the failure to promote bead sales in all Jewelry Jungle outlets are manifest evidence of Jewelry Jungle's breach of contract.
In the absence of manifest error, the appellate court is not to disturb, on appeal, the finding of the jury which has evidence before it furnishing a reasonable factual basis for its verdict, based upon its reasonable evaluation of credibility. Canter v. Koehring Company, 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In this case, the jury's conclusions of fact are well supported by the evidence. The jury heard conflicting testimony and made reasonable inferences of fact based on the evidence before it. There was no manifest error.

III. DOCUMENTARY EVIDENCE
Defendant-appellant, Jewelry Jungle, Inc., claims that it was greatly prejudiced because it had no opportunity to defend against evidence which was admitted by the trial court but not listed on the pre-trial order. We must reject this claim.
LSA-C.C.P. Art 1551 provides in part that following a conference called by the court,
"The court shall render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."
Jewelry Jungle argues that admission of exhibits not listed on the pre-trial order was improper. We disagree.
The unlisted exhibits admitted over Jewelry Jungle's objections included:
1. the sales brochure and form contract of Recherche;
2. a confidential memorandum;
3. copies of an agreement, check request and check;
4. Jewelry Jungle's bead sales records for December 1977.
Jewelry Jungle had actual knowledge of the existence of most of the documents admitted over its objections. Further, none of the documents were of a type defendant would not expect to be used in a case of this nature. Ulmer v. Baton Rouge General Hospital, 361 So.2d 1238 (La.App. 1st Cir. 1978). Defendant also had the opportunity to rebut the evidence, Lefort v. Meibaum Bros., Inc., 321 So.2d 824 (La.App. 4th Cir. 1975), but apparently was unable to do so successfully. Despite defendant-appellant's strenuous claims that the documentary evidence caused great surprise and prejudice to Jewelry Jungle and was "an unfair manipulation of procedure," we find that no real harm came to the defendant. In fact, the documents admitted were part of the extrinsic evidence needed to delineate the entire contract. To have disallowed such evidence would have been a manifest injustice to the plaintiff, Recherche. Jimcoily v. State through Dept. of Highways, 361 So.2d 982 (La.App. 4th Cir. 1978)

*1333 IV. DAMAGES
LSA-C.C. Art. 1934 provides in part:
"Where the object of the contract is anything but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived."
To be recoverable, the loss of profits from breach of contract must be provable with reasonable certainty and cannot be based on speculation and conjecture. The burden of proving damages claimed rests on the plaintiff. Campbell v. Lelong Trust, 327 So.2d 533 (La.App. 2d Cir. 1976); Pelican Printing Co. v. Pecot, 216 So.2d 153 (La.App. 4th Cir. 1968).
"While the absence of independent, corroborating evidence may not be fatal to the plaintiff's burden of proof, the lack of even a minimal degree of detail or specificity as to the extent of loss precludes an award." Campbell, supra, at 536. See also, Casadaban v. Bel Chemical & Supply Co., Inc., 322 So.2d 854 (La.App. 1st Cir. 1975).
Defendant-appellant argued that the award of $15,000 was based on speculation and conjecture. Defense counsel emphasized that in estimating lost profits, plaintiff's expert used only four stores as samples and that numerous factors were ignored which might have lowered the estimate of $25,870. At oral argument on appeal, defendant's counsel made much of the fact that plaintiff's expert multiplied various factors to arrive at his estimate and urged that such calculations were not really expert economic evaluations but merely a mathematical exercise.
In Stevens v. Dowden, 125 So.2d 234 (La. App. 3rd Cir. 1960), plaintiff's own detailed testimony was sufficient to prove loss of earnings.
In the present case, plaintiff Recherche used an expert to calculate the lost profits. Only four stores could be used for samples because the defendant had breached the contract by not marketing the beads in all his retail outlets. Multiplication of the sales figures provided by defendant's own employees was a most reasonable method of approximating damages not capable of being exactly calculated. Douglas Walsh, plaintiff's expert, emphasized that all the figures were projected averages only and mentioned several of the factors that might vary the projected damage figure of $25,870.
Parenthetically, we note that prior to trial, Jewelry Jungle had rejected several opportunities to depose Mr. Walsh and examine the bases for his estimate. Therefore, defendant-appellant's post-judgment claims of conjecture appear somewhat less than candid.
The jury undoubtedly took all factors into consideration when it fixed damages at $15,000. The jury's much discretion was not abused because under the interpretation of the evidence most favorable to the plaintiff which reasonably could have been made, the award of $15,000 is easily supported. Schexnayder v. Carpenter, 346 So.2d 196 (La.1977).
In addition to Jewelry Jungle's appeal, Recherche has sought an increase. While this appellate court might well feel that the evidence supported a finding of fraud with its consequent greater recovery, the award made will not be disturbed since there was no abuse of discretion by the trier. Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1977); Reck v. Stevens, 373 So.2d 498 (La. 1979).
For the foregoing reasons, the judgment of the trial court will be upheld.
All costs of these proceedings, both trial and appellate, are to be paid by the defendant-appellant, Jewelry Jungle, Inc.
AFFIRMED.