EDWARDS, Judge.
Plaintiff sued to recover the balance due on a contract to manufacture and install an advertising sign for defendant. Defendant filed a general denial. After a judge trial on the merits, judgment was rendered for plaintiff in the amount of $6,095.27, plus 20% attorney fees as provided in the contract, plus legal interest from the date of judicial demand, and for all costs of the proceeding. Defendant appeals. We affirm.
Defendant acknowledged signing the contract, which contained the following terms:
9. The Company will secure the necessary Municipal permits that may be required for the installation of this Display. All costs for these permits shall be paid by the Customer.
10. Prior to the installation of Display the Customer shall obtain the necessary permission from the owner of the premises upon which the Display is to be installed and from all others whose consent is necessary. Failure on the part of Customer to obtain such permission will not release Customer from the terms of this contract.

12. The Customer shall not remove the Display from the address where installed, nor permit any third party to gain control of same until all amounts due the Company herein have been paid.... In the event the sign location becomes untenantable for any reason, the Company, at Customer’s expense, will move said sign to such other location as the Customer may direct.
Defendant refused to pay the balance due because he received notice from the State Department of Transportation and Development that the sign was in violation of LSA-R.S. 48:461.7 and therefore had to be removed. He makes two arguments in this regard: failure of consideration since the sign had to be removed, and nonperformance of the contract by plaintiff because plaintiff did not get approval for the sign from the Department of Transportation and Development.
Defendant contends that the trial court erred in not allowing him to introduce into evidence the letters he received from the State informing him that the sign had to be moved. The trial court stated that failure of consideration is an affirmative defense and that since defendant had not specifically pleaded failure of consideration, he could not introduce evidence thereof at trial.
The Code of Civil Procedure provides that failure of consideration and any other matter constituting an affirmative defense shall be set forth affirmatively in the answer. LSA-C.C.P. art. 1005. When an affirmative defense is not included in the answer, evidence can be adduced thereon only in the absence of an objection. Red Barn Chemicals, Inc. v. Lassalle, 350 So.2d 1315, 1317 (La.App. 3rd Cir.1977). See also Webster v. Rushing, 316 So.2d 111, 114-15 (La.1975). Accordingly, the evidence was clearly not admissible for the purpose of showing failure of .consideration.
The next issue concerns whether nonperformance of a contract is an affirmative defense which is waived unless specially pleaded. The jurisprudence distinguishes between defective or unworkman-like performance and nonperformance. An allegation of defective or unworkmanlike performance is an affirmative defense. See Womack Brothers, Inc. v. Equipment Rental Services, Inc., 399 So.2d 661 (La.App. 1st Cir.1981); Pace v. Reusing Rivers Construction Co., 377 So.2d 530 (La.App. 3rd Cir.1979). This is because an allega *760 tion of unworkmanlike performance raises an issue that has not been raised in the original petition.
On the other hand, when a plaintiff files suit for recovery of the balance due, the issue of performance is raised in the original petition. Martin v. Martin, 233 So.2d 718, 720 (La.App. 4th Cir.1970), deals with the question whether nonperformance must be specifically pleaded. The court observed that plaintiff’s petition alleged that the contract had been performed, and consequently, defendant’s general denial put those allegations at issue. Likewise, in Williams v. Fisher, 79 So.2d 127 (La.App. 1st Cir.1955), the court held that nonperformance is not a special defense, explaining that special allegations in the answer are not necessary to authorize introduction of evidence which directly tends to disprove what the plaintiff alleges.
In the instant case, plaintiff alleged in its petition that it had complied with the terms of the contract to manufacture and install the sign for the defendant. Therefore, defendant’s general denial puts at issue the question whether plaintiff did indeed perform the contract. Evidence of nonperformance therefore is admissible in this proceeding without the necessity of specially pleading nonperformance.
There is no contention that the plaintiff did not erect the sign. Defendant’s nonperformance argument is based solely on the fact that the plaintiff did not secure approval for the sign from the State Department of Transportation and Development. In support of this argument, the defendant sought to introduce into evidence letters from the Department of Transportation and Development which stated that the sign was in violation of state law and had to be moved. Plaintiff objected, contending that the letters were hearsay as well as evidence relating to an affirmative defense. The trial judge sustained the objection.
We have already determined that otherwise admissible evidence will not be excluded for purposes of nonperformance merely because it was not specially pleaded in the answer. The letters, however, were inadmissible because they were hearsay. Hearsay is an out-of-court statement or writing offeréd in court to prove the truth of the matter asserted and thus relying upon the credibility of an out-of-court witness. State v. King, 355 So.2d 1305, 1308-09 (La.1978); Anderson v. New Orleans Public Service, Inc., 433 So.2d 872, 875 (La.App. 4th Cir.1983), cert. denied, 439 So.2d 1077 (La.1983). Defendant sought to introduce the letters to show that the sign was in violation of state law (as asserted in the letters) and thus, that the plaintiff had not fully performed the contract in that plaintiff did not get state approval for the sign. The letters are thus an out-of-court writing offered in court to prove the truth of the matter asserted and, as hearsay, were properly excluded. Furthermore, even if the letters were admissible, the result would remain unchanged, since the trial judge expressly found that the plaintiff had performed all of its contractual obligations. Accordingly, the judgment in favor of the plaintiff is affirmed and the costs of this appeal are assessed against the defendant appellant.
AFFIRMED.