EDWARDS, Judge.
Plaintiff appeals a trial court judgment dismissing its petition for injunction. Alleging that defendant is violating a city zoning ordinance, and that neighboring residents have been damaged thereby, plaintiff sought both preliminary and permanent injunctions prohibiting defendant, who was doing business as “Mr. D’s Record and Tape Shop and Groceries” [1] from continuing to sell, serve, and allow consumption of alcoholic beverages on the premises. Saying only that plaintiff had not carried its burden of proof, the trial court dismissed the suit. For the following reasons, we reverse.
Although an unincorporated association has the procedural capacity to sue, see LSA-C.C.P. art. 689, it still must show that it has standing, that is, a ‘real and actual interest’ in the suit. Ramsey River *418 Road Property Owners Association v. Reeves, 396 So.2d 873, 874 (La.1981). However, Mrs. Marian Beechman, a resident of the area, admitted at trial that though several people in the neighborhood were concerned about the problem, she and her husband actually filed the suit. Furthermore plaintiffs counsel said that he had supplied the name, “East Church Street Association.” Thus this is in reality a suit by individual residents.
Neighboring residents may enjoin a landowner from violating city ordinances if the neighbors have been or will be damaged by violation of the ordinance. Redfearn v. Creppel, 436 So.2d 1210 (La.App. 4th Cir.1983), aff’d in part, rev’d in part, 455 So.2d 1356 (La.1984). There is no need to show irreparable injury if the action sought to be enjoined is illegal. Flanagan v. Guste, 359 So.2d 686, 688 (La.App. 1st Cir.1978). In Redfeam the court held that increased traffic, congestion, and litter in the area constituted a sufficient showing of harm to entitle the neighbors to seek in-junctive relief.
Mary Ann Beecham, whose home is approximately a half block away, testified that there is almost constantly a crowd of four to ten people in front of Mr. D’s, at least during the hours he is open, often as early as 8:00 in the morning and remaining sometimes until after midnight. She said the crowds are loud and boisterous, sometimes shouting and sometimes cursing. She also said that on eight or ten occasions she had called the police because she was unable to sleep with all the noise from Mr. D’s.
Mrs. Beecham’s unrefuted testimony established that the noise and the increased traffic generated by Mr. D’s disturbs the neighboring residents to the point of robbing them of the peaceful enjoyment of their own homes. This is a sufficient showing of harm to give them the right to seek injunctive relief in the instant case.
It is undisputed that Mr. D’s is in a B-2 zoning district in Hammond.
9. The B-2 Restricted Business District
a) The B-2 Business District is a restricted business area frequently abutting residential areas and typically allowing office uses and non-intensive traffic generating types of retail establishments.
b) Premises shall be used for the following PURPOSES:
—Any use permitted in a B-l Office District
—Any use permitted in an R-A District
—Art Galleries and Supplies
—Barber and Beauty Shops
—Bus Stations
—Car Sales
—Churches
—Data Processing
—Florists
—Libraries
—Medical Clinics, Animal Clinics
—Mortuary
—Motel and Tourist Courts
—Nursing Homes
—Office Buildings
Accountants, Architects, Attorneys, Dentists, Engineers, Real Estate, etc.
—Retail Stores
Book, Business Machines, (Sales and Rentals), Candy and Confectionery, Clothing (Children, Men, Women), Fabric, Gift, Grocery, Ice Cream and Frozen Desserts, Jewelry, Lighting Fixtures, Music, Photograph Equipment and Supplies, Pharmacies, Shoe, Sporting Goods, Surgical Instruments and Supplies
—Restaurants (Full service)
—Railroad Station
—Self-service laundries and dry-cleaning establishments
—Telephone exchange
—Theater, cinema
c) The following accessory uses are permitted:
—Service of alcohol in conjunction with restaurants
Hammond, La., Zoning Ordinances § 2-9 (1982).
*419 Mr. D’s is a retail store. According to the full name of the establishment, it is a tape and grocery store. The ordinance specifically allows grocery stores in B-2 districts. Because it is not uncommon to sell beer and liquor at grocery stores, the mere sale of alcoholic beverages does not violate the ordinance. Yet Mr. D’s has gone past grocery store type sales. Defendant testified that he has a service window and patio where customers can drink alcoholic beverages he sells. Although defendant did not file a brief in this court, his argument below was that he did not serve alcoholic beverages because he did not pour them into cups or glasses and carry them to tables for the customers. This argument is absurd; fast food restaurants operate the same way as Mr. D’s, and no one would seriously suggest that they do not serve food and beverages. Defendant is essentially running a self service bar, and that violates the zoning ordinance.
The ordinance allows service of alcohol only in conjunction with full service restaurants, and Mr. D’s does not even claim to be a restaurant. Bars are permitted in C-2 zoning, but not in B-2 zoning in Hammond. The mere fact that defendant has State permits to sell and serve alcoholic beverages does not give him the right to violate the zoning ordinance with impunity. We note, furthermore, that his city permit is to sell, not to serve, alcoholic beverages. From the face of defendant’s application and the name of the store, the true character of the business was not made manifest. In addition, defendant admitted at trial that there had been some discussion of the zoning issue at the City Council meeting when his application was approved. He said he told the Council that he would not be operating a bar.[2]
Of course, defendant cannot be held responsible for loud and boisterous behavior of his customers if they are not on the premises. However, so long as they are on the premises he is responsible, and by allowing drinking and loud, boisterous behavior out in front of his establishment, or by encouraging drinking on the premises, i.e., setting up the patio and service window, he is violating the ordinance.
If the trial court’s judgment was based on a factual finding that plaintiff did not establish damages caused by a zoning violation, it was manifestly erroneous. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Mrs. Beecham’s unrefuted testimony established the elements of damages and causation, and the defendant’s own testimony regarding the patio and service window established that defendant was serving alcoholic beverages in a B-2 zoning district. If the trial court concluded that B-2 zoning allows serving alcoholic beverages, it erred on a matter of law.
DECREE
In that plaintiff has shown that defendant’s violation of the zoning ordinance has caused injury to surrounding property owners, the judgment of the trial court is reversed, and defendant is hereby enjoined from allowing or encouraging the consumption of alcoholic beverages on the premises of Mr. D’s. Costs are assessed against defendant.
REVERSED.
LANIER, J., concurs in the result.

. At trial, defendant said the name of his business was "Mr. D’s Record, Tape, and Package Liquor.” Nevertheless his licenses, permits, and applications therefor do not show "Package Liquor" in the name of the business.

. Although defendant is and was at the time of his application a member of the City Council, he did not vote on his application.