563 So.2d 424 (1990)
Joey N. GUZZARDO and Speedy Shop, Inc.
v.
The TOWN OF GREENSBURG, the Honorable Ronald Ficklin, Mayor; Councilmen Darryl Carruth, Cleve Tidwell, Ken Carter, Holland Addison and Daryl Hanks; and Ronald Garner.
No. CA 890636.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
*425 Fred H. Belcher, Jr., Baton Rouge, for petitioners, Joey N. Guzzardo, et al.
Richard D. McShan, Greensburg, for defendants, Town of Greensburg, Mayor, and Councilmen.
Clifton T. Speed, Greensburg, for defendant, Ronald Garner.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
LeBLANC, Judge.
Plaintiffs, Joey N. Guzzardo and Speedy Stop, Inc., filed suit against the town of Greensburg, Ronald D. Garner and the councilmen and mayor of the town of Greensburg. Plaintiffs request injunctive relief, seeking to enjoin an exchange of property between Garner and the town of Greensburg.
During July or August of 1988, Mr. Garner contacted some of the town councilmen seeking to obtain a tract of land owned by the town of Greensburg for the expansion of his existing business. On August 1, 1988, during a town meeting, the councilmen considered Garner's proposal of the even exchange of a lot owned by Garner which fronts on North First Street with dimensions of forty (40') feet by one hundred eighteen and three-tenths (118.3') feet for an adjacent lot owned by the town which fronts on North Second Street and is located near Louisiana Highway No. 43 with dimensions of forty (40') feet by one hundred (100') feet. The exchange proposal was tabled at this meeting. At a later meeting held on October 3, 1988, the council passed a motion that the town lot was no longer needed for public purposes. Also, the council authorized publication of the proposed exchange. The proposed ordinance authorizing the exchange was subsequently published three times in the St. Helena Echo. Subsequently, Guzzardo, president of Speedy Stop, Inc. (a business located off of Highway 43 in Greensburg) filed an objection to the exchange proposal, contending that the property owned by the town was needed for public purposes and that the (Garner) property for which it was to be exchanged was not of equal value.
Subsequently, a public hearing was held regarding the proposed exchange. Written appraisals were presented to the council during this hearing. On November 7, 1988, a vote on the proposed ordinance authorized the exchange.
On November 16, 1988, Guzzardo and Speedy Stop filed suit seeking a temporary *426 restraining order, a preliminary injunction and a permanent injunction to enjoin the proposed exchange. A hearing on the preliminary injunction was held on November 30, 1988. The trial judge rendered judgment denying injunctive relief, concluding that there was no evidence that the property owned by the town was needed for public purposes and that there was no proof that the town council erred in determining that the properties to be exchanged were of equal value. Guzzardo and Speedy Stop devolutively appealed the judgment of the trial court. We reverse.[1]
La.R.S. 33:3741 provides, in pertinent part:
"The governing authority of any municipality may, by ordinance, ... exchange any public property owned by said municipality,... with property owners for any public purpose. The properties to be exchanged must be appraised by competent appraisers and shall be of approximately equal value. The governing body, however, may pay or receive any difference in value in cash. All contracts of exchange made under the provisions of this Section shall be in notarial form and by ordinance dedicating the property to a specific use."
Based on this statute, appellants argue that the proposed exchange is unlawful because the values of the properties to be exchanged are not of "approximately equal value" as required by La.R.S. 33:3741.[2]
During the hearing in this matter, two expert real estate appraisers testified on the plaintiffs' behalf. Mr. Kerry Thomas opined that the lot owned by the town was valued at seven thousand ($7,000.00) dollars and the lot owned by Garner was valued at three thousand one hundred ($3,100.00) dollars. Mr. Tommie McMorris testified that, in his opinion, the town lot was worth six thousand seven hundred ($6,700.00) dollars and the Garner lot was worth three thousand eight hundred ($3,800.00) dollars.
Defendants failed to present the testimony of any appraiser during trial to rebut the evidence presented by plaintiffs. However, defendants did introduce two appraisal reports which allegedly establish that the values of the properties in question are of equal value. Plaintiffs objected to the introduction of these appraisal reports because the appraisers who prepared these reports (H.A. Yarbrough, Jr. and Walter F. `Pharoah' Spencer) were not qualified as experts, plaintiffs were not being afforded the opportunity to cross-examine the appraisers and there was no proof of the authenticity of the reports. The trial court overruled these objections. On appeal, plaintiffs contend that the trial court erred in considering these appraisal reports. We agree.
A report prepared by an expert is generally not admissible because it is hearsay. Matter of Fox, 504 So.2d 101 (La. App. 2d Cir.), writ denied, 504 So.2d 556 (1987). Hearsay is an out-of-court statement or writing offered in court to prove the truth of the matter asserted and thus relying upon the credibility of an out-of-court witness. Brightway Signs, Inc. v. Sharkey, 457 So.2d 758 (La.App. 1st Cir. 1984). In this case, defendants sought to introduce the reports to show that the properties in question were of equal value. The reports are thus an out-of-court writing offered in court to prove the truth of the matter asserted and, as hearsay, should have been excluded from evidence by the *427 trial judge.[3] Defendants should have subpoenaed the appraisers who had prepared the reports and called them as witnesses, allowing them to explain their reports.
Upon reviewing the evidence that was properly admitted regarding values of the properties to be exchanged, we find that plaintiffs have set forth a prima facie case that the properties were not "of approximately equal value". Defendants presented no admissible evidence to rebut this proof.
Since La.R.S. 33:3741 requires the exchanged properties to be of approximately equal value, an exchange which does not comply with this requirement would be unlawful and should be enjoined. Irreparable injury need not be proven in order to obtain a preliminary injunction if the action sought to be enjoined is illegal. Miller v. Knorr, 553 So.2d 1043 (La.App. 4th Cir. 1989); East Church Street Ass'n. v. Dangerfield, 491 So.2d 417 (La.App. 1st Cir. 1986).
Since plaintiffs have proven that the proposed exchange would be unlawful if it were to occur, they have met the burden of making a prima facie showing that they will prevail on the merits of the casei.e., that they will be entitled to issuance of a permanent injunction. General Motors Acceptance Corp. v. Daniels, 377 So.2d 346 (La.1979). Therefore, the trial court erred in denying the preliminary injunction. Accordingly, the judgment of the trial court is reversed.
It is hereby ordered that a preliminary injunction issue enjoining the proposed exchange at issue in this appeal. Costs of this appeal in the amount of $489.00 are to be paid by defendants.
REVERSED AND REMANDED.
NOTES
[1] Defendant/appellee, Ronald D. Garner, asserts that the issue of a preliminary injunction has been rendered moot because the exchange of the properties in question has already occurred. However, there is no evidence in the record to establish that the proposed exchange has in fact taken place. Although a purported copy of the exchange is attached to appellee's brief, we cannot consider this document as evidence. Owens v. Jackson, 550 So.2d 359 (La. App. 3d Cir.1989); City of Slidell v. Primo Enterprise, Inc., 542 So.2d 121 (La.App. 1st Cir.1989).
[2] Plaintiffs also argue that the proposed exchange is unlawful because the town council has not complied with the provisions of La.R.S. 33:4712, which regulates the exchange of property by a municipality. We need not address this issue due to our disposition of plaintiffs' other assignments of error.
[3] Although the trial judge had ordered that proof could be adduced at the hearing in affidavit form, the appraisal reports were not presented in affidavit form, as suggested by defendants in brief.