BROWN, Judge,
dissenting.
When plaintiff filed suit to recover for its time and expense, the issue of performance was raised. In its original petition plaintiff alleged that the contract was performed and consequently, Mrs. Gabel’s general denial answer put this allegation at issue. Nonperformance is not a special defense and is included in the general denial an *359 swer. Brightway Signs, Inc. v. Sharkey, 457 So.2d 758 (La.App. 1st Cir.1984).
It is plaintiff’s burden to prove under its contract that it earned the hourly fee and expenses charged. In short plaintiff must show by a preponderance of the evidence that it performed the work for which it seeks compensation.
Malpass’s testimony regarding the services rendered was vague and imprecise. Considering the nature of the employment, a detailed report of each day’s activities would be essential. -Like a law enforcement officer, a private investigator in this situation would be obliged to testify in court or before a grand jury. A review of Malpass’s testimony demonstrates that he would not have been an acceptable witness.
Malpass did not write a report as required by the contract. He “created” an invoice on the day he mailed his demand letter to Mrs. Gabel. His work hours and mileage were not recorded as they occurred. Instead Malpass relied on his notes and pocket calendar to write the invoice but did not produce these documents at trial. No support was offered to validate the invoice except Malpass’s testimony. A typical example of this testimony was as follows:
Q: May 27, 1988, meet with Mark Jor-don and Curly Jordon. Where did you meet with Mark Jordon and Curly Jor-don?
A: I do not remember right now.
Q: What information do they have?
A: I do not know.
Q: Was it in Caddo Parish? Was it in Louisiana?
A: It was in Louisiana, yes, sir, I believe it was.
Q: Was it in Shreveport proper?
A: I do not even remember.
The above incident represented 4.5 hours and 50 miles of the invoice.
On April 1, 1988 plaintiff billed for 6 hours and 25 miles for “check with bar and trace down contents of wallet.” In answer to cross-examination Malpass stated, “I don’t remember exactly what I did that day, sir.”
On April 2, 1988 plaintiff billed for 8 hours and 120 miles to “meet with Chaz Oneal (sic). Check leads — Melody? (Johnny Horton).” On cross-examination the following was said by Malpass:
Q: You went with Chaz O’Neil again the next day. You said meet with Chaz O’Neil again. Did you meet with Chaz O’Neil at the same place?
A: All I can do is go back to what I have on here (invoice) and tell you what’s on there. I do not remember exactly what transpired at that time right now.
Q: You remember you went 120 miles on April 22. (sic)
A: Okay.
Q: I am trying to figure out, sir, if you remember where you went in connection with this investigation?
A: No.
Q: You do not remember where you went?
A: I said I do not remember now.
Q: Sir?
A: I said I do not remember now.
On April 3, 1988 plaintiff’s invoice claimed 8 hours and 250 miles but in testimony Malpass said:
A: I don’t remember exactly when (sic) I did that day, sir. I can just go by what I have here.
Q: You don’t recall why you went 250 miles?
A: No.
Q: And spent eight hours on this investigation?
A: No.
Q: You can’t remember?
A: No.
The testimony of Malpass was not much better for the remainder of his charges.
A demand need not be rejected merely because plaintiff’s accounting practices were not of the best or highest standards but there must be some evidence to support the correctness of the invoice. In this case plaintiff had no accounting practices. The invoice was “created” after termination of the contract.
*360 Malpass did not maintain a running log of time and expenses. He did not produce his notes to support the hours and mileage claimed. Plaintiffs bookkeeper, T.C. Reeves, confirmed this lack of billing procedure.
Gene Aymond testified as an expert for Mrs. Gabel. Mr. Aymond was a retired Shreveport police captain who had been a criminal investigator. Since his retirement, Mr. Aymond had worked continuously as a private detective. Mr. Aymond testified that he always made a report “at the end of each day.” This included his mileage, hours and “all data that corresponds with my report hour by hour what I saw even if it is trivial, whatever took place”.
An open account is not self-proving and requires some testimony tending to support that it is due and owing. Proof is required as to the separate items of the account and evidence tending to show a debt in some uncertain amount is not adequate to entitle plaintiff to a verdict.
Ordinarily each item on an account must be shown to be correct and reasonable. Proof is usually through records of a contemporaneous entry of the date, charge, and purpose. In this case no such contemporaneous entry was made. Rather, one final bill was prepared after approximately seven months. Without these contemporaneous book entries, oral testimony would be necessary. Malpass’s testimony in this case was vague and of no benefit. If Mal-pass had made a report then he could have refreshed his memory. Further, the best evidence would have been Malpass’s notes which, if they existed, were not offered.
Additionally, in this case the contract provided a cancellation clause. All parties agreed that after the initial meeting, the only other contact by Malpass with Mrs. Gabel was three weeks later by telephone. The phone conversation was accusatory in nature as Mrs. Gabel was asked about a boyfriend. Mrs. Gabel denied the accusation. It is inconceivable that plaintiff did not contact Mrs. Gabel further or that he had her concurrence to continue his investigation. Plaintiff’s claim that he attempted unsuccessfully to contact Mrs. Gabel is only proof of notice that something was wrong. However, it is difficult to understand why he did not write Mrs. Gabel a letter as he did when he demanded his fee or contact her at work.
Mr. Aymond testified:
Q: Captain Aymond ... is it standard practice to continue work in billing without some contact from the client?
A: No, sir, not by me.
Q: How long is it usually if you were to have no retainer, how much billing would you mount up before you would say no more and contact them in some way?
A: Not very much, Very, very little.
Q: Give us a ballpark figure.
A: Two, three, four hours maybe.
Malpass claimed he worked approximately seven months for 120.5 hours and logged 1,460 miles, but saw no need to contact his client about the progress of his investigation and the charges.
Plaintiff did not fulfill its burden of proof as to the performance of its contract or the correctness of its charges. Plaintiff must support the time and expenses charged with positive testimony or documents and clearly this was not done. I respectfully dissent.