375 So.2d 718 (1979)
Harry SCHWARTZ
v.
UNITED STATES FIRE INSURANCE COMPANY and Sonesta International Hotels Corp., Inc. d/b/a Royal Sonesta Hotel.
No. 9741.
Court of Appeal of Louisiana, Fourth Circuit.
September 11, 1979.
*719 Kronlage, Dittmann & Caswell, Robert M. Caswell, New Orleans, for plaintiff-appellant.
Christovich & Kearney, James F. Holmes, New Orleans, for defendants-appellees.
Before SAMUEL, LEMMON and SCHOTT, JJ.
SAMUEL, Judge.
Plaintiff filed this suit against Sonesta International Hotels Corporation, Inc., d/b/a the Royal Sonesta Hotel, and its insurer, United States Fire Insurance Company, to recover damages for injuries, medical expenses and loss of earnings, allegedly sustained by him when a portion of the ceiling of a room in which he was a guest at defendant's establishment fell on him. Defendants answered, denying liability and pleading plaintiff's contributory negligence.
After a trial on the merits, judgment was rendered in favor of plaintiff for $15,360 *720 ($15,000 for pain and suffering and $360 for medical expenses), together with interest and costs. Only plaintiff has appealed and his appeal is limited to these two issues: (1) the admissibility of evidence excluded by the trial judge but contained in a proffer made by the plaintiff; and (2) whether plaintiff is entitled to an increase in the amount of damages awarded for pain and suffering and to awards for certain expert witness fees.
Plaintiff, who operates a clothing store in Short Hills, New Jersey, was on a buying trip in New Orleans. On July 19, 1975, he and his wife were guests at the Royal Sonesta Hotel in New Orleans. While he was in the bathroom portion of the suite occupied by him as a paying guest, a large portion of the ceiling fell on him, knocking him to the floor.
The contention relative to the admissibility of evidence excluded by the trial judge is twofold. It involves excluded evidence concerned with plaintiff's claims for past and future earnings lost in his present business and for future earnings lost due to inability to open a new, additional business, both allegedly due to the injury in suit. While some such evidence as to the present business was received, we are of the opinion that the excluded evidence on that subject also should have been received. It is possible that the excluded evidence could result in a different conclusion on the part of the trial court. The proposed evidence regarding the new business presents a more complex problem.
Plaintiff attempted to introduce evidence to establish loss of earnings and loss of profits which he allegedly sustained because he contends he was unable to consummate the opening of another, larger men's clothing store in Eaton Town, New Jersey, approximately two months after his injury.
The trial judge's reasons for judgment state he refused to hear this testimony, and ordered plaintiff's attorney to make a proffer thereof, because evidence with regard to the profitability of a store which had not yet been opened would have been to speculative and therefore inadmissible.
The proffer offered by plaintiff is quite extensive. Two exhibits are attached to the proffer, which consists principally of a statement of what plaintiff allegedly could have proved by the testimony he was prevented from introducing. The proffer asserts, among other things: (1) His injury directly affected his earnings in the present business in Short Hills, New Jersey by curtailing his ability to comply with the demands of that business in traveling to various cities in the United States as a buyer; (2) all of the details of the opening of the new store in Eaton Town had been accomplished except for the actual signing of the lease; (3) feasibility studies and financing arrangements for that opening had been completed, and the prospects for a profitable venture were quite strong; (4) the new store would have been opened but for plaintiff's injury and resulting disability; (5) another clothing firm took over the planned Eaton Town location and was "totally successful from the very first opening day"; and (6) plaintiff's injury and disability cost him at least an estimated $50,000 per year loss of income as a result of his inability to open the Eaton Town store.
Our settled law is that loss of future profits or the incurring of future damages are recoverable when it is proven such a loss or damage actually has been sustained, even though the amount thereof cannot be established with mathematical certainty.[1] Defendants argue that plaintiff's claim for loss of future profits is based only on the testimony of the proffered expert, Marvin
*721 A. Blumenfeld, whose employees made a profitability study with regard to the Eaton Town store. Plaintiff argues the trial judge abused his discretion in refusing to admit the offered evidence because Louisiana law allows damages, even though the exact amount cannot be determined with certainty, and if there is a reasonable basis to compute the approximate loss, the trial judge is legally obligated to use the evidence offered by the parties to determine an appropriate award of damages.
With one significant exception, the cases cited by plaintiff are based generally on loss of future earnings and not from loss of future profits from a contemplated but unopened new business. In such a situation, when one is employed and rendered disabled, the damage is certain, but the amount may not be capable of mathematical ascertainment. The only case cited by plaintiff which applies the rule (as set forth in Southern Television Electronics v. Read)[2] to a case involving a business which did not open because of injuries is Spillers v. Montgomery Ward & Co., Inc.[3]
In Spillers the plaintiff had purchased a truck to go into the pulpwood business, but was injured before he was able to do so. The court allowed recovery for loss of future profits (the Court of Appeal, 282 So.2d 546, had found plaintiff's former partner actually went into the business and his operation demonstrated it was profitable). The award in Spillers appears to be predicated on that reasonable certainty of the profitability of the business.
In this stage of the proceedings, that part of plaintiff's offer of proof appears to bring this case within the reasoning expressed in Spillers.[4] But because we do not have the benefit of the evidence plaintiff argues he can and will produce, we cannot determine whether the injury in suit actually caused him to abandon his new business venture and, if so, whether the new business which plaintiff claims was successfully operated at the new location was sufficiently similar in operation, financial backing, and other factors so as to be comparable to plaintiff's situation and thus allow it to establish a probability of plaintiff's success in that operation. Absent this evidence, we must remand to the trial court for the purpose of allowing plaintiff to prove, if he can, the assertions contained in his proffer. On remand, of course, the defendants must be permitted of offer countervailing evidence.
We do not agree that plaintiff is entitled to an increase in the $15,000 awarded for pain and suffering. Lay testimony relative to the injuries he sustained in the accident was given by plaintiff, his wife and his daughter. Medical testimony was given, in a deposition, by Dr. Herbert Silberner, an internist and plaintiff's treating physician in New Jersey.
According to the lay testimony, plaintiff was rendered unconscious by the falling portion of the ceiling. He had a prior existing heart condition, remained in bed at the hotel until that evening (the accident happened in the morning), took prescribed nitroglycerine pills and tranquilizers as advised over the telephone by Dr. Silberner in New Jersey, and left for home that evening. He saw his doctor on June 23, four days after the accident (a weekend intervened). Plaintiff's complaints since the accident relate to headaches, dizziness, anxiety, stress, tiring easily and quickly, inability to work as hard, and inability to travel as extensively (travel is a necessary element of his business).
Dr. Silberner testified plaintiff had suffered a heart attack in April, 1968. Following recovery from that attack in August, 1968, he was able to return to normal living. The doctor was of the opinion plaintiff had not suffered another heart attack as a result of the accident in suit, but that the accident had aggravated the prior heart condition and resulted in more chest pain, more shortness of breath, more anxiety, and *722 more complaints of headaches and dizziness concerning which plaintiff had not complained prior to the accident.
We find no abuse of the trial court's "much discretion" in making the $15,000 award. That amount appears to us to be more than adequate, even generous.
In connection with his claim for an increase in damages for pain and suffering, plaintiff further argues the trial judge did not assess an adequate expert fee for the testimony of Dr. Silberner, who testified by deposition. The setting of expert witness fees is a matter within the sound discretion of the trial court and should not be disturbed on appeal unless the record shows a serious abuse of that discretion.[5] We find no such abuse here.
Also in connection with the claim for an increase in quantum for personal injuries, plaintiff argues the trial judge committed error by refusing to fix the expert witness fees of Marvin A. Blumenfeld, who testified by deposition as an expert in the field of retail merchandizing, and Sidney A. LeBlanc, an actuary. Plaintiff also argues the trial judge should tax the cost of the Blumenfeld deposition against defendants. Since we remand the case for the purpose of allowing plaintiff to prove lost profits, past and future, the testimony of Blumenfeld and LeBlanc may or may not be relevant to those issues and, consequently, a decision thereon cannot be made until the role of their testimony on remand is determined.
For the reasons assigned, the judgment appealed from is annulled and set aside only insofar as the issues of past and future earnings, the expert witness fees of Marvin A. Blumenfeld and Sidney A. LeBlanc, and the cost of the Blumenfeld deposition are concerned. The matter is remanded to the trial court solely for the purpose of hearing and determining those issues in accordance with law and with the views expressed in this opinion. In all other respects the judgment appealed from is affirmed. Defendants are to pay the costs of this appeal and all further costs are to await a final determination.
AFFIRMED IN PART, ANNULLED AND SET ASIDE IN PART, AND REMANDED.
NOTES
[1] Southern Television Electronics v. Read, La. App., 244 So.2d 624, and cases cited therein. Also see Folse v. Fakouri, La., 371 So.2d 1120, 1124, in which the court made this statement regarding a claim for future loss of earning capacity:

"Earning capacity in itself is not necessarily determined by actual loss; damages may be assessed for the deprivation of what the injured plaintiff could have earned despite the fact that he may never have seen fit to take advantage of that capacity. The theory is that the injury done him has deprived him of a capacity he would have been entitled to enjoy even though he never profited from it monetarily."
[2] Supra, note 1.
[3] La., 294 So.2d 803.
[4] Id.
[5] Baghramain v. MFA Mutual Insurance Company, La.App., 315 So.2d 849.