388 So.2d 1176 (1980)
Mr. and Mrs. Michael ALMERICO and Mr. and Mrs. Leon Blouin
v.
HIGHLANDS INSURANCE COMPANY and the Travelers Insurance Company.
Stella M. DOUGLAS
v.
Fred GATEMAN and Taylor Diving Company and Highlands Insurance Company.
Nos. 11199, 11200.
Court of Appeal of Louisiana, Fourth Circuit.
September 9, 1980.
*1177 George H. Jones and Frank J. D'Amico, New Orleans, for plaintiffs-appellees.
Christovich & Kearney, Lawrence J. Ernst, New Orleans, for Fred Gateman, Taylor Diving Co. and Highlands Ins. Co., defendants-appellants.
Frank J. Achary and James J. Morse, New Orleans, for The Travelers Ins. Co., defendant-appellee.
Before SAMUEL, BOUTALL and BARRY, JJ.
*1178 SAMUEL, Judge.
This proceeding results from a vehicular collision which occurred in the city of New Orleans on June 24, 1977 at or near the intersection of North Claiborne Avenue and Annette Street. Involved were an automobile driven by Stella M. Douglas and a pickup truck driven by Fred Gateman in the course of his employment with Taylor Diving Company. The Gateman vehicle struck the rear portion of the Douglas vehicle, which in turn struck a building occupied as a dry cleaning establishment.
Mr. and Mrs. Michael Almerico, owners of the building, filed suit (No. 11,199 of our docket) against Highlands Insurance Company, the insurer of the Gateman vehicle, and Travelers Insurance Company, the insurer of the Douglas vehicle, for $15,000 for damage to the building. In the same suit, Mr. and Mrs. Leon Blouin, owners of the cleaning business, sued the same two defendants seeking $10,000 each for personal injuries, $10,000 for loss of business, and $1,500 for medical bills.
Travelers Insurance Company answered and denied negligence of its insured. It also filed a third party demand and reconventional demand against Highlands Insurance Company, Taylor Diving Company, and Fred Gateman for $69.60 for medical benefits paid by it to Stella M. Douglas and $1,633.32 representing amounts it paid for damage to the Douglas vehicle. Travelers further sought indemnity or contribution from the third party defendants. Highlands Insurance Company also answered, denying liability on the part of its insured, and filed a third party demand against Douglas and Travelers for any sum for which it might be cast in judgment in favor of plaintiffs.
Highlands, Taylor Diving, and Fred Gateman answered Travelers' third party demand and reconventional demand, and Taylor Diving filed a third party demand against Douglas and Travelers for $527.19 damage to its pickup truck.
This case was consolidated with a suit (No. 11,200 of our docket) filed by Stella M. Douglas against Fred Gateman, Taylor Diving Company and Highlands Insurance Company, seeking $30,000 in damages for bodily injuries resulting from the collision. Taylor and Highlands answered, and Taylor filed a reconventional demand against Douglas for the $527.19 property damage.
After a trial on the merits, a single judgment was rendered against Highlands Insurance Company and in favor of (1) Mr. and Mrs. Michael Almerico in the amount of $9,425, (2) Mr. Blouin in the amount of $11,790.54, and (3) Mrs. Blouin in the amount of $4,700. The judgment also is against Taylor Diving Company and Highlands Insurance Company in favor of (1) Stella M. Douglas in the amount of $6,668.61, and (2) Travelers Insurance Company on its third party and reconventional demands in the amount of $1,702.92. Finally, the judgment is in favor of Travelers, dismissing the suits by all four plaintiffs as to that defendant, and against Highlands and Taylor Diving, dismissing all third party and reconventional demands filed by them. Highlands and Taylor Diving have appealed.
Appellants raise three issues which they assign as reversible error. First, they argue the trial court committed error by refusing to grant their motion for a continuance when the investigating police officer, Elmo Poche, failed to appear at trial even though appellants had served him with a subpoena. The record shows Poche had in fact been served, and counsel for Highlands and Taylor moved in limine for a continuance on the basis of his absence, asserting he was a material witness and their defense would be prejudiced by his absence.
In this court appellants argue the investigating officer's testimony was critical since only Douglas and Gateman had any knowledge of the facts of the accident, and defendants were obliged to offer the testimony of Gateman in deposition form because of his absence from Louisiana. They rely on Article 1602 of the Code of Civil Procedure which provides:
"A continuance shall be granted if at the time a case is to be tried, the party *1179 applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance." LSA-C.C.P. Art. 1602.
Appellants also rely on the case of McCaleb v. Department of Public Safety,[1] as authority for the proposition that Article 1602 imposes a mandatory duty upon the trial judge to continue a case when a material witness has absented himself without the contrivance of the party applying for the continuance.
We hold this argument is not well founded under the facts of this case. Appellants made no factual showing that Poche was a material witness. He was the investigating officer, his knowledge would have been limited to facts which he saw after the collision, and it is doubtful he could have established the manner in which the accident occurred since the Douglas vehicle did not remain at the point of impact. Moreover, the McCaleb case is not applicable. McCaleb involved an injunction proceeding against the Department of Public Safety to prevent enforcement of an order suspending plaintiff's driving privileges for refusal to submit to an alcohol analysis test. The police officers appeared at 9 a. m., were instructed to appear again at 12:30 p. m., but did not return. These officers "had been involved in the incident" and the Department of Public Safety intended to use them as witnesses on its behalf. The material nature of the officers' testimony in McCaleb is obvious from the face of the proceeding, since they were involved in the incident directly and could give direct evidence regarding plaintiff's refusal to take a sobriety test. Poche was not so involved.
Travelers further argues that former Rule 13, Section 5(d)[2] of the trial court placed a duty upon defendants' counsel to stipulate under oath what he intended to prove by Poche's testimony, and the court was only under a duty to grant a continuance if the adverse parties refused to admit any material facts so stipulated. We do not decide this argument, since C.C.P. Art. 1604 places the duty of requiring such a stipulation upon the party opposing the continuance, and the cited local court rule seems to conflict with Article 1604 by placing that duty upon the party seeking the continuance. Nevertheless, we hold the trial judge did not commit error by refusing the continuance for the reasons above stated. In addition, the trial judge granted defendants' motion that Officer Poche be made the subject of a writ of attachment, but defendants' counsel did not obtain the necessary forms from the clerk for the judge's signature. Hence no attachment was ever issued.
Appellants' second argument is that the trial court committed error by failing to find Stella M. Douglas guilty of negligence. They contend the Gateman truck was traveling on North Claiborne in a westerly direction in the right lane of traffic. Gateman claimed the Douglas vehicle turned from North Claiborne onto Annette Street in the wrong direction on a one-way street. According to appellants, she then backed her vehicle from Annette Street into North Claiborne Avenue directly into the path of Gateman's approaching vehicle; Gateman saw this too late to avoid the collision; and he struck the rear of the Douglas vehicle.
On the other hand, Stella Douglas testified she was proceeding to a funeral and was attempting to maneuver her automobile toward the curb to park on North Claiborne near Annette when she was struck from the rear. A witness in a limousine going to the same funeral testified she noticed the Douglas vehicle behind the limousine as both vehicles proceeded westerly on North Claiborne.
The trial judge dictated reasons for judgment at the conclusion of testimony. His reasons clearly establish he believed the testimony of Douglas and her witness over *1180 that of Gateman. Thus, we are presented with a factual determination by a trier of fact in the face of contradictory versions of the manner in which the accident occurred, a matter of credibility. Our reading of the record fails to show this finding of fact was manifestly erroneous and, accordingly, we affirm insofar as this contention is concerned.[3]
Finally, appellants concede "the established law of the State of Louisiana" is that the determination of damages by the trier of fact should not be disputed unless that determination is shown to be so excessive as to constitute an abuse of discretion.[4] They nevertheless proceed through most of the awards made by the trial court to have this court reverse or reduce them.
Appellants argue the award of $9,425 to Mr. and Mrs. Almerico was speculative because the property damage testimony given by their witness was not based on an item-by-item detail of each thing to be done. Appellants produced a witness who testified it was more appropriate to make an estimate of construction repairs by item and such an estimate would be more accurate than an in globo estimate for all repairs. The next contention is that plaintiffs' failure to provide a detailed damage estimate left the court with no justifiable basis to allow recovery for the entire sum established by the Almericos' witness. However, the evidence in the record, including the testimony of both the Almericos' witness and the opposing witness, regarding the amount of damage done to the building, amply demonstrates the trial court was within its discretion in making its award.
Appellants also argue the trial judge committed error by allowing $1,801.87 to Leon Blouin for hiring a security service to guard his dry cleaning business for three weeks. They estimate the repairs could have been effected within a period of one week, and argue the three week award was excessive. However, the facts show that the security service only watched the cleaning establishment daily from midnight until 7:30 a. m., and Blouin's business had not been boarded up until a week had passed after the accident. Under the circumstances here, the evidence does not show Blouin, himself the recipient of bodily injuries in the accident, violated any duty to minimize or mitigate his damages or failed to use reasonable diligence.[5]
The next argument is that the trial judge committed error by awarding Blouin $2,575.15 for lost profit instead of $1,770. Loss of profit is at best speculative in nature, and a great deal of discretion is afforded the trier of fact in making a determination for such an element of damages. We find no error in this award.[6]
Appellants further argue the trial judge committed error by awarding Blouin $1,824.52 for "personal items" damaged by the accident. They contend the only evidence of this loss is Blouin's own "self-serving testimony" and challenge his lack of professional training in evaluating damage to personal items. Under the circumstances of the case, and particularly in the absence of contradictory testimony, the trial judge did not commit error in making this award.
Finally with regard to Mr. Blouin, appellants argue the trial judge committed error by awarding him $3,500 for pain and suffering as a result of injuries sustained in the accident. They argue his injuries were minimal and urge his failure to miss work as a result of the accident supports their argument. The testimony of Blouin's treating physician was that he sustained a contusion of the right hip with ecchymosis, muscle spasm of the lumbosacral region, limitation of motion of the right leg caused by a contusion, shock, and discomfort. He was *1181 seen first on June 27, and then on July 7, 11, 19, 29, August 9, 22, and was discharged on the August 22, 1977 visit. The treating physician further based his diagnosis of shock on his observation that Mr. Blouin was upset and had tremors in his hand, which he said was consistent with being present in a building which partially fell around him. Given this testimony, we cannot say the award of $3,500 was beyond the trial judge's discretion, even though an award of $2,500 for roughly similar injuries was made in a case cited by appellants.[7]
Appellants also contend the awards to Mrs. Blouin of $1,700 for shock and $3,000 for pain and suffering are excessive. Mrs. Blouin was thrown to the floor and struck her back when the Douglas vehicle hit the wall of the building. She was taken to the hospital after the accident, and was found to have elevated blood pressure. She was seen by her treating physician with complaints of pain in the posterior chest, difficulty in breathing, headaches, and discomfort from her elevated blood pressure. Her physician gauged her blood pressure at 170 over 100, which he testified was quite high for a 36 year old woman. When he first saw her she was in a marked state of anxiety, distress, tearfulness sufficient to cause her blood pressure to elevate. She received x-rays because of chest pains and was prescribed a tranquilizer and hot compresses in the chest area. By August 11, 1977 she had returned to normal, as had her pulse rate, heart sounds, and internal chest sounds. Her physician specifically stated the elevated blood pressure was traumatically induced. Under these circumstances, we can afford little weight to the argument that Mrs. Blouin failed to prove an absence of elevated blood pressure prior to the accident.
Regarding the $3,000 award to Mrs. Blouin for her pain and suffering, the contention is that the trial judge based this award on six weeks of pain and suffering, while in fact plaintiff testified her pain only lasted three weeks. The testimony of Mrs. Blouin and her physician, read together, was sufficient to justify and award of $3,000 for pain and suffering. Appellants attack the $1,700 award to Mrs. Blouin for shock, on the same basis used in their attack on the similar award to Mr. Blouin. The same answer to the argument made by them with regard to Mr. Blouin is appropriate to the case of Mrs. Blouin, particularly in view of her physician's testimony and her elevated blood pressure after the accident.
Finally, defendants contest the award made to Stella M. Douglas. They contend the $1,700 for shock and $4,200 for pain and suffering are clearly excessive. With regard to the award for shock, we reiterate the statements made above with regard to Mr. and Mrs. Blouin, and add that the Douglas vehicle was struck from behind and propelled into the wall of the Almerico building, which partially collapsed while plaintiff was still in the automobile.
Douglas initially was seen at St. Claude General Hospital on the day of the accident. X-rays of her neck and back were taken, and she was given medication. She then saw a treating physician on June 28, four days after the accident. She displayed moderate tenderness and muscle tightness of the trapezius muscle bilaterally, there was spasm bilaterally on palpation, and she experienced pain in the posterior region of her neck over the trapezius muscle on forward flexion and rotation of her neck in either direction over a 10° area. In addition, she had moderate tenderness and muscle tightness of the paradorsal muscle of the mid back with spasm bilaterally on palpation. She experienced pain in the mid back or forward flexion and rotation of the trunk in either direction and on straight leg raising to 45° bilaterally. Her physician diagnosed her condition as a moderately severe muscle strain of the neck, a moderately severe muscle strain of the upper and mid back, and a contusion of the chin with ecchymosis. She was treated with muscle relaxants and analgesics. She received diathermy treatments three times a week until August 10, when her improvement allowed *1182 reduction of treatments to two weekly. Examination on September 7 revealed tenderness but no definite muscle spasm, and diathermy was discontinued. She again was seen on September 14, 21, and 28, when she was discharged as asymptomatic.
Given these injuries, we cannot say the trial judge erred in making these awards to Stella M. Douglas.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] La.App., 309 So.2d 748.
[2] It appears to us that the rule was not in effect at the time of trial.
[3] Canter v. Koehring Company, La., 283 So.2d 716; Arceneaux v. Domingue, La., 365 So.2d 1330.
[4] Appellants themselves cite Boswell v. Roy O. Martin Lumber Co., Inc., La., 363 So.2d 506.
[5] See Carpenter v. Hartford Accident and Indemnity Co., La.App., 333 So.2d 296.
[6] Scheinuk the Florist, Inc. v. Southern Bell T. & T. Co., La.App., 128 So.2d 683.
[7] See Barry v. Fidelity & Casualty Company of New York, La.App., 223 So.2d 485.