399 So.2d 643 (1981)
SOUTHERN PLASTICS SPECIALTIES, INC.
v.
DIXIE BREWING COMPANY, INC.
No. 11659.
Court of Appeal of Louisiana, Fourth Circuit.
May 22, 1981.
*644 Dan R. Dorsey, River Ridge, for plaintiff-defendant in reconvention-appellant.
Henican, James & Cleveland, Joseph P. Henican, III, New Orleans, for defendant-plaintiff in reconvention-appellee.
Before BOUTALL, GARRISON and KLIEBERT, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court dismissing the plaintiff's suit to recover $16,613.00 outstanding balance plus $50,000.00 for loss of good will and injury to its credit rating. Defendant reconvened seeking damages in the amount of $100,000.00 for loss of credibility with its customers or loss of good will and for loss of business. The contract arose out of a contract between plaintiff, a retailer of plastic specialty items, and defendant, a brewery.
After trial on the merits the district court rendered judgment in favor of defendant on the principal demand, dismissing Southern Plastics' case. Additionally, the court granted judgment in favor of Southern Plastics on the reconventional demand, dismissing Dixie's reconventional demand. From that judgment, which we affirm in part and reverse in part, Southern Plastics appealed and Dixie Brewing Co. answered the appeal.
The trial judge provided the following written reasons for judgment:
"Mr. Fell represented to Dixie that the contract for the `cups' was an exclusive arrangement. He admits the above fact, but says it was an agreement between Dixie and Southern Plastics Specialties, Inc.
Mr. Fell then explains that Packer Plastics was not a party to this `Exclusivity'. Further, he had no control over Packer Plastics.
Mr. DeLong testified that if Mr. Fell had told them of the `Exclusivity', Packer Plastics would have honored the agreement. Why Mr. Fell `fell down on the job' is not satisfactorily explained.
When Mr. Fell was confronted with the `Miller Cups' he telephoned Packer Plastics to find out why. This was the moment of truth. If the agreement with Dixie was as he now contends there was *645 no reason to telephone Packer Plastics. All he had to say was `Southern Plastics lived up to its agreement, it did not sell cups to anyone else'. This he did not do. (See Testimony Mr. Hooten, Mr. DeLong and Mr. Fell.)
Under the facts and circumstances of this case, the Plaintiff's suit will be dismissed.
There will be judgment accordingly."
Upon our independent review of the record, we cannot find that the trial judge was manifestly erroneous in his factual determinations. Canter v. Koehring Co., 283 So.2d 716 (1973); Arceneaux v. Domingue, 365 So.2d 1330 (1978). Indeed, we agree with the factual conclusion of the court below.
By the terms of the contract as admitted by all parties, defendant was to have an exclusive sales market on 300,000 sixteen ounce white dishwashable plastic cups manufactured by Packer Plastics and imprinted with a Mardi Gras 1978 logo. The cups were to be sold as "collectors items".
Southern Plastics made the arrangements for manufacturer with Packer Plastics, but failed to inform Packer of the exclusive nature of the contract. Meanwhile, Packer contracted to sell a similar specialty item to Miller Brewing Co. As the Packer-Miller contract was a direct sales agreement which eliminated a retailer such as the plaintiff, Miller was able to sell the specialty item at a substantially lower cost. Dixie's sales of the item declined accordingly. Packer testified that they would have honored the exclusivity provision if they had been informed by Southern Plastics.
On appeal Dixie contends that the trial court erred in failing to award damages to Dixie. We agree. Civil Code Article 1930 provides as follows:
"The obligations of contract [contracts] extending to whatsoever is incident to such contracts, the party who violates them, is liable as one of the incidents of his obligations, to the payment of the damages, which the other party has sustained by his default."
Loss of profit is sometimes a difficult element to prove. In the instant appeal, however, Dixie had run a similar sales and promotional campaign in December of 1978 for the Superbowl, which provides a basis for comparison with the Mardi Gras, 1978 campaign. Lawrence Oertling, Department Accountant and Treasurer for Dixie testified that Dixie lost a minimum of $60,572.00 as a result of the unsuccessful Mardi Gras campaign. We find that the trial court should have awarded that amount to Dixie on its reconventional demand.
For the reasons discussed, the judgment of the district court is affirmed in part and reversed in part as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein on the principal demand in favor of the defendant, Dixie Brewing Co., Inc. and against the plaintiff, Southern Plastics Specialties, Inc., dismissing plaintiff's suit at plaintiff's costs.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be judgment herein on the reconventional demand in favor of the plaintiff-in-reconvention, Dixie Brewing Co., Inc., and against the defendant-in-reconvention, Southern Plastics Specialties, Inc., condemning it to pay damages in the amount of SIXTY THOUSAND FIVE HUNDRED SEVENTY-TWO AND NO/100 ($60,572.00) DOLLARS, plus legal interest from the date of judicial demand until paid and all costs.
AFFIRMED IN PART; REVERSED IN PART.