431 So.2d 74 (1983)
Henry E. LAVIGNE, Jr. d/b/a Plant World of Hammond
v.
J. HOFERT COMPANY.
No. 82 CA 0719.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
*75 Sidney L. Shushan, New Orleans, for plaintiff-appellee.
J. Broocks Greer, III, and C. Monk Simons, III, New Orleans, for defendant-appellant.
Before COVINGTON, LANIER and ALFORD, JJ.
COVINGTON, Chief Judge.
This is an appeal by the defendant, J. Hofert Company, from a judgment in favor of Henry E. Lavigne, Jr., d/b/a Plant World of Hammond, for damages in the amount of $15,562.00, and for attorney fees of $12,500.00, together with interest and costs. We affirm.
Pursuant to a contract, plaintiff paid the defendant the sum of $11,500.00, plus a freight surcharge, for a boxcar of Christmas trees, comprised of both scotch pine and fir. Plaintiff's total sales of Christmas trees for the year of 1979 amounted to about $7,900.00, with out-of-pocket expenses of $3,112.00. Plaintiff, claiming that defendant's breach of contract caused damages to him, sued to recover costs, expenses, lost sales of Christmas trees, lost profits, lost ancillary sales and related items of damage.
*76 The trial court found that 50% of the scotch pines were unsaleable culls and were clearly of a lesser grade than that called for in the contract. The court further found that the conduct of Hofert amounted to fraud. Based on its findings, the trial court rendered judgment in favor of plaintiff and against J. Hofert Company.
The defendant appealed the judgment and specified five errors committed by the trial court:
1) In awarding Lavigne damages based on the estimated loss of sales of $8,782.00 for all species of Christmas trees.
2) In finding that 50% of the scotch pines were unmerchantable culls or of lesser grade than called for in the contract.
3) In awarding the plaintiff damages for loss of ancillary sales.
4) In awarding the plaintiff damages for wasted advertising and for related expenses.
5) In awarding the plaintiff attorney fees of $12,500.00.
The facts which formed the basis of the trial court's award are:
1. Plant World ordered 925 Christmas trees, of which 525 were scotch pines, for the 1979 season for its two separate retail outlets.
2. At least 50% of the scotch pines were obviously defective and unsaleable.
3. Plant World had to discard 261 of the scotch pines due to their poor condition.
4. Plant World attempted to minimize its damages and to counter-act bad customer-reaction to the defective scotch pines.
5. The defective condition of the scotch pines adversely affected the sales of fir trees.
6. The defective condition of the scotch pines adversely affected sales of ancillary Christmas sales items.
7. Hofert was aware of the defective condition of the scotch pines when it shipped them to Lavigne.
The jurisprudence supports the award of lost profits to Lavigne. The general rule is that while damages for loss of profits may not be based on speculation and conjecture, such damages need be proven only within a reasonable certainty. George W. Garig Transfer v. Harris, 226 La. 117, 75 So.2d 28 (1954); Folds v. Red Arrow Towbar Sales Company, 378 So.2d 1054 (La.App. 2nd Cir.1979). Broad latitude is given in the proving of lost profits as damages. Proof of loss of profits is often a difficult element to prove and proof with mathematical certainty or precision is not required. A commonly accepted method of proving lost profits is by calculating profits for similar sales during other periods of time and using such calculations as a basis for estimating lost profits for the period in question. Southern Plastics Specialities, Inc. v. Dixie Brewing Company, Inc., 399 So.2d 643 (La.App. 4th Cir.1981); Schwartz v. United States Fire Insurance Company, 375 So.2d 718 (La.App. 4th Cir.1979). An item by item listing and proving of losses is not required in order to recover damages for loss of profits. Almerico v. Highlands Insurance Company, 388 So.2d 1176 (La.App. 4th Cir.1980).
Recherche, Inc. v. Jewelry Jungle, Inc., 377 So.2d 1329 (La.App. 1st Cir.1979), writ denied 379 So.2d 254 (La.1980), presented a situation similar to the one in the present case. In Recherche, this Court decided the issue of quantum, as follows:
Defendant-appellant argued that the award of $15,000 was based on speculation and conjecture. Defense counsel emphasized that in estimating lost profits, plaintiff's expert used only four stores as samples and that numerous factors were ignored which might have lowered the estimate of $25,870. At oral argument on appeal, defendant's counsel made much of the fact that plaintiff's expert multiplied various factors to arrive at his estimate and urged that such calculations were not really expert economic evaluations but merely a mathematical exercise. In Stevens v. Dowden, 125 So.2d 234 (La. App. 3rd Cir.1960), plaintiff's own detailed testimony was sufficient to prove loss of earnings.

*77 In the present case, plaintiff Recherche used an expert to calculate the lost profits. Only four stores could be used for samples because the defendant had breached the contract by not marketing the beads in all his retail outlets. Multiplication of the sales figures provided by defendant's own employees was a most reasonable method of approximating damages not capable of being exactly calculated.... plaintiff's expert, emphasized that all the figures were projected averages only and mentioned several of the factors that might vary the projected damage figure of $25,870. Id., at 1333.
Based on the record, there was no manifest error in the trial court's acceptance of Dr. Strader's calculations to the extent they were accepted. The defendant offered no evidence on this issue, and defendant's reasons for suggesting that no damages were incurred by the plaintiff are unconvincing.
We further find no manifest error in the trial court's award of $6,209.00 for loss of ancillary sales. The evidence in the record amply supports this award. Lavigne explained that he, like all retail nurserymen, utilized his Christmas tree sales to bring in customers to purchase wreaths, poinsettias, and other related Christmas items.
Upon our independent review of the record, we find that the trial court's awards for loss of profits and loss of ancillary sales were not manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Southern Plastics Specialities, Inc. v. Dixie Brewing Company.
The district court awarded plaintiff the sum of $12,500 as attorney fees. The question of the amount to be awarded for attorney fees is generally left to the discretion of the trial court, with the appellate court adjusting the fees up or down, as the case may be, only if there is a showing of abuse of discretion. Reeves v. Dixie Brick, Inc., 403 So.2d 792 (La.App. 2nd Cir.1981).
The record in this case supports the attorney fees awarded. The case presented a number of complex issues of law on the question of liability, all resolved in favor of the plaintiff. First, the district court had to consider the issues under sales contracts, the question of fraud, and related contractual issues. Then, there were the several issues of damages and the difficulty of establishing loss of profits. Moreover, plaintiff's counsel had to attend depositions in New Orleans and in Los Angeles, as well as pretrial conferences in Amite. The testimony of twelve witnesses included an expert horticulturist, an expert forester, a professional nursery consultant, and an expert economist.
Judged by the usual yardsticks, the nature and complexity of the issues, the scope of preparation and the amount of work actually done, we find no abuse of discretion in the award of attorney fees in the instant case. White v. Martin GMC Trucks, Inc., 359 So.2d 1094 (La.App. 3rd Cir.1978), aff'd on remand 365 So.2d 1135 (La.App. 3rd Cir.1978).
We note a mathematical error in the judgment. The Reasons for Judgment list the items of $8,782, $215, $446, and $6,209, exclusive of attorney fees and costs. The Reasons correctly total these items at the sum of $15,652. However, in an apparent transposition of numbers, the judgment gives this sum as $15,562. We amend the judgment to correctly reflect the amount as $15,652.
For the reasons assigned, we amend and affirm the judgment at the appellant's costs.
AMENDED AND AFFIRMED.