460 So.2d 33 (1984)
Alpha LANDRY
v.
Fannie BOURQUE
No. CA 83 1226.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Writ Denied March 15, 1985.
Victor Marcello and James Marchand, Donaldsonville, for plaintiff-appellant.
Miriam T. Attaya, Gonzales, for defendant-appellee.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a judgment dismissing plaintiff-appellant's petition for damages allegedly resulting from a breach of a purchase agreement. Plaintiff, Alpha *34 Landry, entered into a purchase agreement with defendant-appellee, Fannie Bourque, for the sale of a 2.5 acre tract of land in Ascension Parish. The agreement provided that the sale would be passed before a notary within sixty days from date for the sum of $45,000.00, and that a deposit would be given; however, no amount was specified for the deposit. Defendant contends he is entitled to damages because plaintiff sold the property to a third party within the sixty day term.
After a trial on the merits, the trial court dismissed plaintiff's petition on the grounds that: 1) there was a lack of consideration for the purchase agreement, and 2) plaintiff breached his obligation to bring defendant before a notary to close the sale within the sixty day period. We reverse.
All contracts must have a lawful cause. LSA-C.C. art. 1893. However, the cause of the obligation need not be expressed. LSA-C.C. art. 1894. "By the cause of the contract ... is meant the consideration or motive for making it ..." LSA-C.C. art. 1896. In this case, the true motive for the contract was the mutuality of obligations flowing from the agreement, i.e., the respective obligations to buy and to sell. The trial court placed great emphasis on the fact that the purchase agreement called for a deposit. However, a review of the contract reveals that no amount was specified; thus, the parties obviously did not consider it an essential element of the agreement.
We also disagree with the trial court's finding that plaintiff breached his obligation by not bringing defendant before a notary to close the sale prior to the expiration of the sixty day term. A contract can be violated either actively or passively. An active breach consists of a party performing an act that is inconsistent with the obligation. LSA-C.C. art. 1931. Defendant was guilty of an active breach of the contract by selling the property to a third party during the term of the purchase agreement. See, Starke Taylor & Sons, Inc. v. Riverside Plantation, 301 So.2d 676 (La.App. 3rd Cir.1974); 7 Litvinoff, Louisiana Civil Law TreatiseObligations, Book 2 § 235 (1975). Therefore, because defendant actively breached the contract, plaintiff was not required to place her in default and damages flowed from the moment of the breach. LSA-C.C. art. 1932.
Loss of profit is an item of damages recoverable for breach of contract. LSA-C.C. art. 1934. "The general rule is that while damages for loss of profits may not be based on speculation and conjecture, such damages need be proven only within a reasonable certainty [citations omitted]. Broad latitude is given in the proving of lost profits as damages." Lavigne v. J. Hofert Co., 431 So.2d 74, 76 (La.App.1st Cir.1983). The purchase agreement specified that plaintiff was to buy the property for $45,000.00. Plaintiff testified that he had negotiated to sell the property as soon as he acquired it to Dr. Philippe for $60,000.00. This testimony was corroborated by Dr. Philippe. Accordingly, we are of the opinion that plaintiff met his burden of proving his lost profits in the amount of $15,000.00 due to defendant's breach.
Therefore, for the foregoing reasons, the judgment of the trial court is reversed, and judgment is rendered in favor of plaintiff-appellant, Alpha Landry, for $15,000.00. Costs of this appeal are taxed to defendant-appellee.
REVERSED AND RENDERED.